**Counsel Listed on Signature Page**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKBELT SMARTPHONE DEFENCE LTD., <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> PHONECHECK SOLUTIONS, LLC, <br><br> Defendant/Counter-Plaintiff, | Case No. 2:22-cv-04342 GW (PDX) <br><br> **STIPULATED PROTECTIVE ORDER** |

Blackbelt Smartphone Defence Ltd. and Phone Check Solutions, Inc., (all the above collectively the "Parties," individually a "Party"), by and through their respective counsel of record, stipulate that the following Protective Order shall apply in the above-captioned action, subject to approval and entry by the Court.

1. **A. PURPOSE AND LIMITS OF THIS ORDER**

The Parties agree that discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Such confidential and proprietary materials and private information may consist of, among other things, sensitive and confidential technical information, source code material, confidential business or financial information, information regarding confidential business practices, asserted paywall-protected digital content, or other confidential research, development, or commercial information (including information implicating privacy or data protection rights of third parties), intellectual property in development, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under U.S. or non-U.S. state or federal statutes, court rules, case decisions, or common law. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the Parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

**B. GOOD CAUSE STATEMENT**

This action is likely to involve source code, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, protected code written in C, C++, Java, assembler, VHDL, Verilog, SQL, and similar programming languages, confidential financial information, information regarding confidential business practices, customer information, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets

forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall

**ORDER**                                          **Case No. 2:22-cv-04342 GW (PDX)**

be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2.   DESIGNATING PROTECTED MATERIAL**

    **2.1   Manner and Timing of Designations**.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. For information in documentary form, whether electronic or hard copy, designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains protected material.  With respect to electronic documents produced in native format, the applicable legend may be included in a specified metadata field.  For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted.  It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation. For information produced in some form other than documentary and for any other tangible items (excluding hard drives or other document storage media), the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is produced the "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion.

    **2.1.1**   A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced.  During the inspection and before the designation, all material

---

**ORDER**                               **4**                       **Case No. 2:22-cv-04342 GW (PDX)**

shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY.  After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

**2.1.2**   Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.  The designator shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.2**   **Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**3.**   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**3.1   Generally**. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

**3.2  Meet and Confer**. The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2 and consistent with the process set forth in the Court's Procedures and Schedules.

**3.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party.** Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

4.   **<u>ACCESS TO DESIGNATED MATERIAL</u>**

**4.1    Basic Principles**. A receiving party may use designated material only for prosecuting, defending, or attempting to settle this litigation.  Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a receiving party must comply with the provisions of Section 10 below (FINAL DISPOSITION). Protected material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**4.2    Disclosure of CONFIDENTIAL Material Without Further Approval.**  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1**  The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.4** The Court and its personnel;

**4.2.5** Outside court reporters and their staff, professional jury or trial consultants, mediators, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**4.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.3    Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material Without Further Approval**.  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE without further approval only to:

**4.3.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**4.3.2** The Court and its personnel;

**4.3.3** Outside court reporters and their staff, professional jury or trial consultants, and mediators  who have signed the Agreement to Be Bound (Exhibit A);

**4.3.4** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

**4.3.5.**  Professional vendors (1) who are hired solely to provide services related to this litigation to whom disclosure is reasonably necessary to perform those services,

(2) who do not provide coding services to the parties or their affiliates; and (3) who have signed the Agreement to Be Bound (Exhibit A),

**4.4 Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material to In-House Counsel or Experts**. Unless agreed to in writing by the designator:

**4.4.1**   A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.  In-house counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL – SOURCE CODE.

**4.4.2**   A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past

five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years.  If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**4.4.3**   A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**4.4.4** All challenges to objections from the designator shall proceed underL.R. 37-1 through L.R. 37-4.

## 5.   SOURCE CODE

**5.1 Designation of Source Code**. If production of Source Code is necessary, the producing party may designate it as HIGHLY CONFIDENTIAL – SOURCE CODE if it is, or includes, confidential, proprietary, or trade secret Source Code. "Source Code" is material that includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions. Files containing Source Code shall hereinafter be referred to as "Source Code Files." Source Code Files include, but are not limited to, files containing Source Code written in C, C++, Java, assembler, VHDL, Verilog, SQL, and similar programming languages. Source Code Files further include "make" files, "include" files, script files, "link" files, and other

human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or digital signal processor (DSP). Source Code does not include binary executable files and object code files, nor does it include tools such as compilers or linkers. For clarity, although such materials are not Source Code under this Protective Order, and although this Protective Order does not require or prohibit their production, they may be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" if produced.

**5.2 Location and Supervision of Inspection**. Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours at an office of the designating party's counsel or another mutually agreeable location upon reasonable notice to the designating party of the other party's desire to review the Source Code, any such review to occur prior to the close of expert discovery unless otherwise agreed among the parties.  The Source Code shall be made available for inspection on a secured stand-alone computer (that is, a computer not connected to a network, the Internet, or any peripheral device, except that the stand-alone computer may be connected to a printer or printers and dual-display monitors and will have a mouse connected, all other ports must be disabled) in a secured room, and the inspecting party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Parties agree to make reasonable accommodations for installing Source Code review utilities (such as Cygwin and other review tools) requested by the Receiving Party that will allow counsel, experts, and other authorized reviewers to view, search, and/or analyze the Source Code; provided that such utilities are reasonable and nondestructive to the Source Code. Under no circumstances shall any party use Source Code review tools which allow the Source Code Computer to compile or otherwise reduce Source Code into machine or object code unless such compilation functions have been disabled. No recordable media or recording devices of any kind, including without limitation cameras, cellular

telephones, CDs, DVDs, and disk drives, may be permitted into the room containing the Source Code computers (other than a non-networked computer that the producing party may provide for purposes of typing notes as discussed below).The producing party may visually monitor the activities of the inspecting party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

The receiving party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code. The receiving party's outside counsel and/or expert may copy terms used in the Source Code into the notes only to the extent reasonably necessary to support or rebut the claims and defenses of the parties in this case. The receiving party's outside counsel and/or expert may not copy complete code modules or lines of the Source Code into the notes. Such notes shall be considered and marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent that the receiving party's outside counsel and/or expert requests to take notes electronically, rather than by handwriting, the producing party shall provide a notetaking computer in the room in which a Source Code computer is located, which the receiving party's outside counsel and/or expert may use to type their notes. The notetaking computer shall include both Notepad++ and sdelete software utilities. Such notes shall be considered the work product of the receiving party; and the producing party shall make no attempt to retrieve the receiving party's notes from the non-networked computer. The receiving party's expert may copy prior notes and material from a flash drive onto the notetaking computer prior to the review session and may copy their notes from the notetaking computer onto a flash drive which the reviewer may take with them at the end of the day.  Any notes generated from the Source Code review may be shared with outside counsel and with any outside experts or consultants who are approved to view material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" under paragraph 4.3 of this Order.  Except as permitted above, no

copies of all or any portion of Source Code may leave the room in which the source code is inspected except as otherwise provided herein.

**5.3 Persons Having Access to Source Code.**  At least seven (7) business days prior to the date on which first access by a particular individual is sought to the secured stand-alone computer (seven-day notice period), outside counsel of record for the inspecting party shall provide a list of individuals, including attorneys, seeking to access to the stand-alone computer.  The producing party shall have the right to make reasonable objection to such access in accordance with this Section 4.4.  During the pendency of the seven-day notice period, no listed individual shall have access to the stand-alone computer, unless otherwise agreed by the parties. If an objection to any specific listed individual is made, that individual shall not have access to the stand-alone computer until resolution of such objection.

**5.4 Paper Copies of Source Code Excerpts**. Except as otherwise provided herein, no copies of any portion of the Source Code may leave the secure location in which the Source Code is inspected.  Further, except as provided herein, no written or electronic record of the source code is permitted.  Notwithstanding the foregoing, the inspecting party may request printed copies of specific portions of Source Code designated as HIGHLY CONFIDENTIAL - SOURCE CODE.  Within two (2) business days of the printing request, the producing party must either (i) provide up to three (3) paper copies of Source Code designated as HIGHLY CONFIDENTIAL – SOURCE CODE including Bates numbers and appropriate confidentiality labels when printed, as they appear on any stand-alone computers, of each requested file, correlated to the beginning Bates number of the corresponding print-out, or, alternatively, the producing party may brand printouts with the filepath and filename of each file, as it appears on any stand-alone computer; or (ii) object that a printing request is excessive and/or not done for a permitted purpose.  The producing party must retain copies of any portions of Source Code printed.  The entire code or an unreasonably large portion of the code must not be requested.  The inspecting party is not entitled to request copies

in order to review blocks of source code designated as HIGHLY CONFIDENTIAL – SOURCE CODE elsewhere in the first instance, i.e., as an alternative to reviewing the materials electronically on the stand-alone computers provided by the producing party, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere. Printouts of the Source Code that exceed 10 continuous pages will be presumed excessive unless the inspecting party provides a compelling justification that such printed portions are necessary.  If the producing party objects within two (2) business days of a printing request that the printing request is excessive and/or not done for a permitted purpose, the producing party and inspecting party will meet and confer within two (2) business days of the producing party's objection.  If the producing party and the inspecting party cannot resolve the objection, the inspecting party may, within two (2) business days after the meet and confer, seek the Court's resolution of whether the request is narrowly tailored for a permitted purpose.  The burden will be on the inspecting party to demonstrate that such portions are no more than is reasonably necessary for a permitted purpose, and not merely for the purpose of review and analysis in another location.

**5.5 Access Record**. Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case. No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation. The inspecting party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form and such record shall include (i) the name of each person who accessed the Source Code; (ii) the date of access; and (iii) the location of access.  The inspecting party must produce such log to the producing party within one month of final disposition of this action or, during this action, upon seven (7) business days' advance notice to inspecting party only when

the producing party has a good faith reasonable basis for believing that a violation of Section 5.4 of this Stipulated Protective Order has occurred and explains the basis for such belief in writing at the time of the request for the log.  The inspecting party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked container.  The inspecting party may not reproduce the paper copies of the Source Code, except as provided elsewhere in this Stipulated Protective Order, absent written agreement of the producing party.  The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

**5.6 Use of Source Code in Deposition**. A party that wants to use any printouts of Source Code designated as HIGHLY CONFIDENTIAL – SOURCE CODE at a deposition may make up to three (3) additional paper copies of such Source Code solely for use in the deposition.  Copies of Source Code designated as HIGHLY CONFIDENTIAL – SOURCE CODE that are marked as deposition exhibits must not be provided to the court reporter or attached to deposition transcripts; rather the deposition record will identify such an exhibit by its production numbers. All printouts of Source Code designated as HIGHLY CONFIDENTIAL – SOURCE CODE brought to a deposition, except for any copies containing the notes or work product of the non-producing party, must be collected by the producing party at the conclusion of the deposition.  In addition (or as an alternative to the use of printouts at a deposition), the producing party shall, on request, make a copy of the Source Code available on a single stand-alone computer (but otherwise in the same format in which the Source Code is available under Section 5.2 above) during depositions of witnesses who would otherwise be permitted access to such Source Code.  The requesting party shall make such requests at least seven (7) calendar days before the deposition.  The producing

party shall make reasonable efforts to comply with such a request made less than seven (7) calendar days before a deposition, provided the request is made in good faith and could not reasonably under the circumstances have been made sooner.

**5.7 Electronic Images and Electronic Copies of Source Code.  Except as** provided herein, absent express written permission from the producing party, the inspecting party may not create electronic images, or any other images, or make electronic copies, of any Source Code designated as HIGHLY CONFIDENTIAL – SOURCE CODE from any paper copy of the Source Code for use in any manner (including, by way of example only, the inspecting party may not scan Source Code designated as HIGHLY CONFIDENTIAL – SOURCE CODE to a PDF or photograph the code).  Paper copies of the Source Code designated as HIGHLY CONFIDENTIAL – SOURCE CODE also may not be converted by the inspecting party into an electronic document, and may not be scanned using optical character recognition ("OCR") technology.  If either party reasonably believes that it needs to submit a portion of Source Code designated as HIGHLY CONFIDENTIAL – SOURCE CODE as part of a filing with the Court or as an exhibit and/or demonstrative aid at a hearing or trial, the parties must meet and confer as to how to make such a filing or effect such a use while protecting the confidentiality of the Source Code.  If the parties are unable to reach agreement at the meet and confer about how such filing or use shall be made, the inspecting party agrees that it must observe the following minimum protections in making the filing: (i) the inspecting party will rely on expert declarations, testimony, or other means to describe the relevant feature or functionality of the Source Code (including by identifying the corresponding production number(s) and line number(s) of the referenced source code), rather than copying portions of the Source Code into a filing, to the extent possible; (ii) if any portion of Source Code is included in a filing, exhibit, or demonstrative aid, the inspecting party will copy the minimal amount of Source Code that is necessary for purposes of that filing, exhibit, or demonstrative aid; (iii) a filing will be made only under seal, and all confidential information concerning

the Source Code must be redacted or removed in any public versions of the filed documents; (iv) a use at a hearing or trial will be made only after request that the Court seal the courtroom to prevent members of the public from viewing or receiving information about such Source Code; and (v) the inspecting party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code in connection with a filing must at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order, and all such individuals must be identified on the log as reviewers and/or recipients of paper copies in accordance with Section 5.4.

## 6.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**7.1 Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**7.2    Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must:

**7.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**7.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**7.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**7.3    Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

## 7.    <u>UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## 8.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   Nothing

contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

**9.1** The terms of this Protective Order shall be applicable to any Third-Party that produces information which is designated by such Third-Party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information or Items.

Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports,

attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

11. **MISCELLANEOUS**

11. 1 **Right to Further Relief or Amendments.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Parties may seek to amend this Protective Order by filing a joint stipulation identifying the modification, or move the Court to modify the protective order if the Parties cannot come to an agreeable join stipulation.

11.2 **Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**ORDER**                                                    **Case No. 2:22-cv-04342 GW (PDX)**

1

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3    Dated: February 28, 2023          */s/ Dalton K. Hughes*

4                                      Andrew J. Avsec

5                                      William H. Frankel

                                       Vincent J. Galluzzo

6                                      Mariam Sarwar

                                       Dalton K. Hughes

7                                      **Counsel for Plaintiff/**

                                       **Counter-Defendant**

8                                      **Blackbelt Smartphone Defence Ltd.**

9
                                       CROWELL & MORING LLP

10                                     515 South Flower Street, 40th Floor

11                                     Los Angeles, California 90071

                                       Phone:      (213) 622-4750

12                                     Fax:        (213) 622-2690

13                                     Email:      aavsec@crowell.com

                                                   wfrankel@crowell.com

14                                                 vgalluzzo@crowell.com

                                                   msarwar@crowell.com

15                                                 dhughes@crowell.com

16

17   Dated: February 28, 2023          */s/ Christian W. Conkle*

18                                     Larry C. Russ

                                       Nathan D. Meyer

19                                     Christian W. Conkle

20                                     **Counsel for Defendant/**

                                       **Counter-Plaintiff**

21                                     **Phonecheck Solutions, LLC**

22
                                       RUSS AUGUST & KABAT

23                                     12424 Wilshire Boulevard, 12th Floor

24                                     Los Angeles, California 90025

                                       Phone:      (310) 826-7474

25                                     Fax:        (310) 826-6991

26                                     Email:      lruss@raklaw.com

                                                   nmeyer@raklaw.com

27                                                 cconkle@raklaw.com

28

---

**20**

ORDER                                          Case No. 2:22-cv-04342 GW (PDX)

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: February 28, 2023

_____

Patricia Donahue
United States Magistrate Judge

**ORDER**                                    **Case No. 2:22-cv-04342 GW (PDX)**

## **SIGNATURE ATTESTATION**

Pursuant to Local Civil Rule 5-4.3.4(a)(2), the undersigned attests that the signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 28, 2023                    */s/ Dalton K. Hughes*
                                                      Dalton K. Hughes

**ORDER**                                        **Case No. 2:22-cv-04342 GW (PDX)**

## EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____[print or type full name], of ____

_____[print or type full

address], declare under penalty of perjury that I have read in its entirety and understand

the Protective Order that was issued by the United States District Court for the Central

District of California on _____[date] in the case of ____

_____[insert formal name of the

case and the number and initials assigned to it by the court].  I agree to comply with

and to be bound by all the terms of this Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

for contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Protective Order to any person or entity

except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing this Order, even if

such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type

full name] of _____[print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

**ORDER**                                                                **Case No. 2:22-cv-04342 GW (PDX)**